UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-cv-01198-LJO-JMD-HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) | SHOULD NOT BE DISMISSED AS MOOT |
| | ) | |
| JAMES A. YATES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | RESPONSES DUE BY MAY 17, 2009 |

**I.      Introduction**

Petitioner Brian Thomas ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on September 19, 2005.

Petitioner contends that article V, section 8(b) of the California Constitution violates the Ex Post Facto Clause of the United States Constitution as applied to him. The Governor has exercised his authority under article V, section 8(b) to reverse two separate grants of parole to Petitioner. The instant petition concerns the Governor's reversal of a parole board decision granting Petitioner parole in 2004.

On March 19, 2009, the Magistrate Judge entered an Order Scheduling Evidentiary Hearing in order to permit Petitioner to present evidence that, as applied to him, article V, section 8(b) creates a "significant risk" of prolonging his incarceration under the rule set forth in Garner v. Jones, 529 U.S. 244, 255 (2000).

1

The evidentiary hearing is currently scheduled for September 14, 2009. (Doc. 27).

Respondent filed a Motion for Reconsideration of the Order Scheduling Evidentiary Hearing on April 2, 2009. (Doc. 28). The hearing on Respondent's Motion for Reconsideration is scheduled for May 11, 2009. On April 10, 2009, Petitioner filed an Opposition to Respondent's Motion for Reconsideration. (Doc. 29). Petitioner's Opposition reveals that Petitioner was released on parole on April 9, 2009.

## II. Mootness

The Court must consider Article III jurisdiction *sua sponte* and dismiss if jurisdiction is lacking. Southern Pacific Transportation Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990), cert. denied, 112 S. Ct. 382 (1991); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Mootness is jurisdictional. See Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000). A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Without a live "case or controversy," this Court lacks jurisdiction over this matter.

It appears that Petitioner's claim for relief is moot due to Petitioner's release on parole. Pursuant to California Penal Code section 3000.1, " a person convicted of a second degree murder that occurred after January 1, 1983, is subject to *lifetime parole* and becomes eligible for discharge from parole 'when [such a] person … has been released on parole from the state prison, and has been on parole continuously for … five years.'" In re Chaudhary, 172 Cal.App.4th 32, 34 (Cal. Ct. App. 2009) (emphasis added); CAL. PEN. CODE. § 3000.1 (Deering's 2008). California Code of Regulations title 15, section 2535(d)(1) requires the parole board to consider, among other things, the parolee's adjustment to society during the five-year period between the parole release date and the date of the parole discharge eligibility hearing mandated by section 3000.1. 15 CAL. CODE. REG. § 2535 (d)(1) (Barclay's 2008).

///

///

Section 3000.1's five-year parole discharge eligibility requirement is expressly limited to the period of time after the parolee has been released on parole and requires that the parolee serve five continuous years on parole since the parolee's release from confinement. Chaudhary, 172 Cal.App.4th at 37. "By placing these explicit limitations on the parole discharge eligibility requirement, the Legislature made unmistakably clear that a parolee must first have 'been released on parole' and must then complete five continuous years on parole after the parolee's 'release from confinement.' This intent explicitly precludes the application of any time spent in custody prior to release to satisfy any part of section 3000.1's five-year parole discharge eligibility requirement," even when a portion of the prisoner's time spent in custody was due to the state's unlawful conduct. Id. at 37-38. Accordingly, it appears to the Court that Petitioner's claim is moot, as the Court cannot fashion a remedy consistent with California law.

**ORDER**

For the foregoing reasons, the Court:

1. VACATES the May 11, 2009 hearing date on Respondent's Motion to Reconsider the Order Scheduling Evidentiary Hearing;
2. STAYS all proceedings of this action, including the scheduling order deadlines; and
3. ORDERS each of the parties to file a memorandum of legal points and authorities either in support of, or in opposition to, dismissal of the petition on the grounds of mootness by no later than May 17, 2009.

IT IS SO ORDERED.

**Dated:   April 17, 2009**           /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE