UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-cv-01198-LJO-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | REQUEST FOR LEAVE TO PROPOUND |
| v. | ) | DISCOVERY [Doc. 36] |
| | ) | |
| JAMES A. YATES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Brian Thomas ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 10, 2009, Petitioner filed a request for leave to propound discovery. (Doc. 36).  For the reasons discussed below, Petitioner's request is granted.

**I.     Introduction**

The Ex Post Facto Clause of the United States Constitution prohibits the States from enacting a law which, by retroactive operation, increases the punishment for a crime after its commission. U.S. Const., Art. I § 10; *E.g. Garner v. Jones*, 529 U.S. 244, 249-50 (2000) (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)).  In the parole context, a prisoner may demonstrate an ex post facto violation by establishing that, as applied to him, a retroactive parole law "creates a significant risk of prolonging [him] incarceration."  *Garner*, 529 U.S. at 250 (citing *Lynce v. Mathis*, 519 U.S. 433, 445-46 (1925)); *Brown v. Palmateer*, 379 F.3d 1089, 1095 (9th Cir. 2004).

///

1    The instant petition raises an ex post facto challenge to California Constitution article V, section 8(b), which gives the Governor authority to reverse certain decisions of California's Board of Parole Hearings (BPH). The Governor has exercised his authority under article V, section 8(b) to reverse two grants of parole to Petitioner. Pursuant to clearly established federal law, Petitioner is entitled to relief if he can demonstrate that application of article V, section 8(b) to him produces a significant risk of prolonging his incarceration. *See Himes v. Thompson*, 336 F.3d 848, 855 n.4 (9th Cir. 2003) (noting that *Garner* codified pre-existing precedent that satisfied the "clearly established" requirement of 28 U.S.C. § 2254(d)(1) and applying *Garner* under AEDPA review); *Brown*, 379 F.3d at 1096 (holding that state court's dismissal of ex post facto claim was objectively unreasonable under AEDPA because state court failed to follow *Garner*'s "express guidance on ex post facto cases").

On March 19, 2009, the Court ordered an evidentiary hearing in this matter in order to permit Petitioner to present evidence that article V, section 8(b) presents a significant risk of prolonging Petitioner's incarceration. (Doc. 27).[1] Petitioner filed a request for leave to propound discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases on July 10, 2009. (Doc. 36).

**II.    Rule 6 Standard**

A habeas petitioner is not entitled to discovery as a matter of ordinary course. *E.g.*, *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in habeas actions under section 2254 is governed by Rule 6 of the Rules Governing Section 2254 Cases ("Rule 6"), which provides:

> (a) Leave of court required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.
>
> (c) Deposition expenses. If the respondent is granted leave to take a deposition, the judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

---

[1] Respondent filed a motion for reconsideration of the order scheduling the evidentiary hearing on April 2, 2009. (Doc. 28). The District Judge denied Respondent's motion for reconsideration on June 17, 2009. (Doc. 33).

The good cause requirement of Rule 6 is satisfied where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *Bracy*, 520 U.S. at 908-09.

The Court's order scheduling an evidentiary hearing in this matter entailed a finding that Petitioner's allegations show reason to believe that Petitioner may, if the facts are fully developed, be able to demonstrate entitlement to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief"); (Order Scheduling Evidentiary Hearing at 8). Accordingly, the Court finds that Petitioner has satisfied the good cause requirement of Rule 6.[2] Further, the Court finds that Petitioner's request for leave to propound discovery contains sufficient reasons for the discovery request, includes proposed interrogatories, and adequately specifies the documents requested.

Therefore, the Court HEREBY ORDERS:

1) Petitioner's request for leave to propound discovery is GRANTED;

2) Petitioner's discovery requests shall be served on Respondent immediately;

3) Respondent shall file opposition to Petitioner's discovery requests within fifteen (15) days of receipt thereof;

4) Petitioner shall file a reply to Respondent's opposition within five (5) days of receipt thereof; and

5) Respondent shall provide Petitioner with responses to any discovery requests that Respondent does not object to within thirty days of receiving such requests.

IT IS SO ORDERED.

---

[2] Under the law of the Fourth Circuit, Rule 6 requires notice and an opportunity to be heard in opposition to a petitioner's motion for discovery. *In re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997); *but see Strickler v. Greene*, 527 U.S. 263, 287 n.28 (1999) (declining to express an opinion on the Fourth Circuit's rule). With respect to the instant request, the Court deems it unnecessary to entertain opposition at this time, as the question of whether Petitioner has demonstrated good cause for discovery was resolved in the affirmative in the order scheduling an evidentiary hearing in this case. Respondent may object to Petitioner's individual requests in the normal course of discovery.

1 | **Dated:   July 21, 2009**            /s/ John M. Dixon
2 |                                       UNITED STATES MAGISTRATE JUDGE