UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-cv-01198-LJO-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION FOR RECONSIDERATION [Doc. |
| v. | ) | 39] |
| | ) | |
| JAMES A. YATES, | ) | ORDER DENYING RESPONDENTS |
| | ) | REQUEST FOR ORDER SHORTENING |
| Respondent. | ) | TIME TO HEAR RESPONDENT'S MOTION |
| | ) | FOR RECONSIDERATION [Doc. 40] |
| | ) | |
| | ) | ORDER GRANTING RESPONDENT"S |
| | ) | REQUEST FOR EXTENSION OF TIME TO |
| _____ | ) | FILE OBJECTIONS [Doc. 43] |

I.  **Introduction**

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner contends that article V, section 8(b) of the California Constitution, pursuant to which the Governor may reverse parole board decisions granting certain prisoners parole, violates the Ex Post Facto Clause of the United States Constitution.

On March 19, 2009, the Magistrate Judge ordered an evidentiary hearing in order to permit the Petitioner to present evidence that, as applied to Petitioner, article V, section 8(b) presents a "significant risk" of prolonging his incarceration pursuant to *Garner v. Jones*, 529 U.S. 244, 249-50 (2000). Respondent filed a motion for reconsideration of the order scheduling the evidentiary hearing on April 2, 2009. (Doc. 28). In its motion for reconsideration of the order scheduling an evidentiary hearing, Respondent argued, *inter alia*, that Petitioner is not entitled to an evidentiary

hearing because Petitioner failed to demonstrate "a reasonable likelihood that [he] may be entitled to relief and that...entitlement to relief depends on the resolution of an issue of fact." (Doc. 28 at 3-4) (citing California Rule of Court 4.551(f)).[1] Respondent's motion for reconsideration was denied on June 17, 2009. (Doc. 33).

Petitioner filed a request for leave to propound discovery ("request for leave") on July 10, 2009. (Doc. 10). The Magistrate Judge granted Petitioner's request on July 21, 2009 ("discovery order"). (Doc. 38). Respondent filed a motion for reconsideration of the discovery order on August 4, 2009 ("motion for reconsideration"). (Doc. 40). Petitioner filed opposition on August 5, 2009 ("opposition"). (Doc. 42).

## II.    Discovery Standard in Section 2254 Cases

Rule 6 of the Rules Governing Section 2254 Cases ("Rule 6") governs discovery in this matter. Rule 6 provides:

> (a) Leave of court required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.
>
> (c) Deposition expenses. If the respondent is granted leave to take a deposition, the judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

The good cause requirement of Rule 6 is satisfied where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *E.g.*, *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). The good cause standard set forth by Rule 6 is similar to the standard that governs whether or not a habeas petitioner is entitled to an evidentiary hearing: "in deciding whether to grant an evidentiary hearing, a federal

---

[1] Respondent noted that the standard embodied by California Rule of Court 4.551(f) "is similar to the requirement under federal law." (Id.). Respondent's precise contention in this section of its brief was that Petitioner was not entitled to an evidentiary hearing because he did not demonstrate to the state courts that the allegations of his petition demonstrated a reasonable likelihood of entitlement to relief. (Id.). The Court rejected Respondent's contention. (*See* Doc. 33, generally).

court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."[2] *See, e.g., Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (discussing evidentiary hearing standard); *see also Jones v. Wood*, 114 F.3d 1002, 1008-09 (9th Cir. 1997) (where petitioner satisfied the standard for obtaining an evidentiary hearing on certain claims, district court abused its discretion by denying discovery request pertaining to such claims).[3]  Once a petitioner has demonstrated good cause to conduct discovery, the discovery provisions contained in the Federal Rules of Civil Procedure apply.  Rule 6 of the Rules Governing Section 2254 Cases; *Bracy,* 520 U.S. at 904.

### III.     Respondent's Contentions

Respondent contends that the Magistrate Judge's discovery order is contrary to law or clearly erroneous for two reasons: **(A)** Respondent was entitled to an opportunity to be heard in opposition to Petitioner's request; and **(B)** Petitioner has not demonstrated good cause for discovery. Respondent's motion for reconsideration may **NOT BE GRANTED UNLESS** the Magistrate Judge's order setting the evidentiary hearing is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

####     A. Respondent's Opportunity to be Heard

Respondent contends that "Rule 6...requires notice and an opportunity to be heard in opposition to a petitioner's motion for discovery.  *In re Pruett*, 133 F.3d 275, 280-81.  (4th Cir. 1997)." (Motion for Reconsideration at 3).  The text of Rule 6 contains no notice requirement and

---

[2] Rule 6's good cause requirement is more liberal than the standard which governs a court's authority to order an evidentiary hearing. Whereas a habeas petitioner is not entitled to an evidentiary hearing unless the petition states a prima facie case for relief, *see, e.g., Schriro,* 550 U.S. at 474*, discovery under Rule 6 may be granted in order to permit a petitioner to *establish* a prima facie case, *see Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir. 2003) (district court abused its discretion by summarily denying petition without permitting discovery or expansion of the record pursuant to Rule 6 and Rule 7, respectively).

[3] The Petitioner in *Jones* asserted ineffective assistance of based on counsel's alleged failure to 1) adequately investigate an alternate suspect for the crime; 2) conduct an investigation of the physical evidence in the case; and 3) inform the petitioner of the contents of the prosecution's plea bargain offer.  The Ninth Circuit concluded that the petitioner was entitled to discovery regarding the failure to investigate claims because Petitioner was entitled to an evidentiary hearing on those claims. *Jones*, 114 F.3d at 1009-10.  The Court denied discovery with respect to the plea bargain claim "because [the petitioner was] not entitled to an evidentiary hearing on that issue." *Id.* It is clear that the *Jones* Court recognized the congruity between Rule 6's good cause requirement and the standard governing the grant of evidentiary hearings, as the Court acknowledged that "discovery is available to habeas petitioners... regardless of whether there is to be an evidentiary hearing." *Id.* at 1009.

does not expressly provide an opportunity to be heard in opposition to a request for leave under Rule 6.[4]  Further, there is no binding authority in the Ninth Circuit that requires an opportunity to be heard in opposition to a request for leave under Rule 6.  *Accord Strickler v. Greene*, 527 U.S. 263, 287 n.28 (1999) (noting *Pruett* but declining to express an opinion on whether Rule 6 requires an opportunity to be heard in opposition).  Assuming *arguendo* that, parties are entitled to an opportunity to be heard in opposition to a request for leave to propound discovery pursuant to Rule 6, in the instant matter, the Magistrate Judge's finding that opposition was unnecessary was correct because Respondent is foreclosed from challenging the Court's finding of good cause under the doctrine of law of the case.  *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (court is generally precluded from reconsidering an issue that has already been decided by the same court in the identical case) (citations omitted).

The Magistrate Judge acknowledged the Fourth Circuit's holding in *Pruett* in the discovery order but found that opposition was unnecessary due to the fact that the Court had already determined that Petitioner's allegations "show reason to believe that Petitioner may, if the facts are fully developed, be able to demonstrate entitlement to relief."[5]  (Discovery Order at 3).  The discovery order provides:

> The Court's order scheduling an evidentiary hearing in this matter entailed a finding that Petitioner's allegations show reason to believe that Petitioner may, if the facts are fully developed, be able to demonstrate entitlement to relief.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief"); (Order Scheduling Evidentiary Hearing at 8).  Accordingly, the Court finds that Petitioner has satisfied the good cause requirement

---

[4] Unlike Rule 6, Rule 7 of the Rules Governing Section 2254 Cases *does* expressly provide parties with an opportunity to be heard in response to an opposing party's submission of documents in connection with a court's order expanding the record.  It is a well-settled canon of statutory construction that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is presumed that Congress acted intentionally and purposely in the disparate exclusion.  *See, e.g., United States v. Martino*, 681 F.2d 952, 954 (5th Cir. 1982).

[5] *Pruett* is distinguishable from the instant cause.  The petitioner in *Pruett* had not yet filed his petition at the time he filed his ex parte discovery request.  133 F.3d at 279.  The precise holding in *Pruett* was that the district court lacked statutory authority to permit ex parte discovery under former section 848(q)(4) of Title 21.  *Id.* at 279-80.  Former section 848(q)(4) "[granted] indigent capital defendants a mandatory right to qualified legal counsel and related services 'in any [federal] post conviction proceeding.'"  *E.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994) (quoting 28 U.S.C. § 848(q)(4)).  The *Pruett* Court rejected the petitioner's argument that "the specific statutory authority for the court to proceed ex parte in certain enumerated areas should be extended to discovery."  133 F.3d at 279.

of Rule 6.

(Discovery Order at 3). As discussed in section II above, the good cause requirement of Rule 6 parallels the standard that governs the Court's authority to conduct evidentiary hearings in habeas actions. *Compare Bracy*, 520 U.S. at 908-09 (Rule 6 is satisfied where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief ) *with Schriro*, 550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief").

Because Petitioner has satisfied his burden with respect to his entitlement to an evidentiary hearing, *a fortiori,* Petitioner has satisfied his burden under Rule 6. *See* Footnote 1, supra; *Jones v. Wood*, 114 F.3d 1008-09 (granting discovery on claims for which petitioner had demonstrated entitlement to an evidentiary hearing.). The Court has already rejected Respondent's argument, raised in its motion for reconsideration of the order scheduling an evidentiary hearing, (Doc. 28 at 3-4), that Petitioner has not demonstrated "a reasonable likelihood that [he] may be entitled to relief." (*See* Doc. 33, generally) (finding that Petitioner's allegations entitle him to an evidentiary hearing). The Court's finding that Petitioner has shown reason to believe that Petitioner may, if the facts are fully developed, be able to demonstrate entitlement to relief, is thus the law of the case.[6] *See, e.g., Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (prior ruling becomes law of the case as to a particular issue where issue was decided explicitly or by necessary implication in a previous disposition). Accordingly, the Magistrate Judge's finding that it was unnecessary to receive opposition from Respondent on the issue of good cause was correct.[7]

---

[6] This finding was expressed first in the order scheduling the evidentiary hearing in this case and was implicitly reaffirmed by the order denying Respondent's request for reconsideration thereof. (Order Scheduling Evidentiary Hearing at 8; *see* Order Denying Request for Reconsideration, generally).

[7] Respondent mischaracterizes the basis for the Magistrate's finding that opposition to the discovery order was unnecessary. Respondent states:

> [T]he magistrate judge erroneously concluded that "the question of whether Petitioner has demonstrated good cause for discovery was resolved in the affirmative in the order scheduling an evidentiary hearing in this case." (CD 38, n.2). Not so. The order scheduling this matter for an evidentiary hearing stated that

**B.     Respondent's "Good Cause" Argument**

Respondent states that Petitioner has not demonstrated good cause to conduct discovery because he has failed to "show *specific facts* indicating that the sought discovery will advance his knowledge on how article V, section 8(b) may have been applied to him in violation of the Ex Post Facto Clause." (Motion for Reconsideration at 5) (emphasis added).[8]  Respondent misstates the applicable standard.  A request for leave to conduct discovery must be supported by "*specific allegations* that show reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *E.g.*, *Bracy*, 520 U.S. at 908-09 (emphasis added).  As discussed above, Petitioner's allegations are sufficient to meet Rule 6's good cause requirement.  Respondent also complains that Petitioner failed to allege "any particular facts or elements of his claim which the requested discovery is tailored to uncover." (Motion for Reconsideration at 5).  Respondent's contention is contrary to the record.  (*See* Request for Leave to Propound Discovery at 5-6) (providing reasons for discovery request).  Because Petitioner has demonstrated good cause for discovery, has provided reasons for his request for leave to conduct discovery, and because each of Petitioner's individual discovery requests appears to be reasonably calculated to lead to the discovery of admissible evidence regarding whether article V, section 8(b) creates a significant risk of prolonging Petitioner's incarceration, *see* Fed. R. Civ. P 26 (b)(1), Petitioner is entitled to leave to conduct discovery pursuant to Rule 6.

///

---

Thomas' "evidence should include, at a minimum, his parole history subsequent to 2004, internal policy statements and regulations of the Board and the Governor's office...and statistical evidence..." (CD 27, p.8).  That statement alone does not establish good cause for Thomas' sweeping, irrelevant, and unnecessary discovery requests.

(Motion for Reconsideration at 3-4).  The discovery order *does not* state that the passage quoted by Respondent resolves the good cause inquiry.  Curiously, Respondent's discussion of the Magistrate's reasoning omits the actual rationale expressed in the discovery order. (*See* Discovery Order at 3).

[8] Respondent also contends that "the fact that an evidentiary hearing had been set in this case...does not support a finding of good cause authorizing discovery in this habeas matter without first determining what the essential elements of the claim are." (Id.).  Both the discovery order and Petitioner's request for leave state clearly the elements of Petitioner's claim.  The discovery order provides: "Petitioner is entitled to relief if he can demonstrate that application of article V, section 8(b) to him produces a significant risk of prolonging his incarceration." (Discovery Order at 2).  Petitioner's request for leave recites the elements of Petitioner's claim also. (Request for Leave at 4).

///

**C. Respondent's Additional Arguments**

Respondent's motion for reconsideration asserts that several of Petitioner's discovery requests are objectionable for various reasons. For example, Respondent complains that several of Petitioner's requests are "vague, ambiguous, over-broad, [and] irrelevant." (Motion for Reconsideration at 6). Respondent's arguments regarding the propriety of Petitioner's individual discovery requests are not relevant to the INSTANT issue of whether the Court's grant of leave to Petitioner to propound discovery was erroneous or contrary to law. The fact that some of Petitioner's individual requests may be objectionable under the rules of discovery is not relevant to whether Petitioner's allegations establish good cause sufficient to obtain leave to conduct discovery under Rule 6(a). *See Bracy*, 520 U.S. at 909 (distinguishing issue of whether good cause to conduct discovery exists from issue of determining proper scope and extent of discovery). Undoubtably, Rule 6(a) grants a court discretion to limit the scope of discovery where the court finds that there are no reasons to support a particular request or category of requests.[9] *See* Rule 6(a) of the Rules Governing Section 2254 Cases ("A judge *may* ...limit the extent of discovery) (emphasis added). However, a court's discretionary power to limit the scope and extent of discovery under Rule 6 does not create a mandatory duty to *sua sponte* screen each and every individual discovery request on behalf of the non-moving party.[10]

Rule 6(a) requires courts to determine whether there is good cause to grant a party leave to conduct discovery as a threshold inquiry. Once a court determines that a party has demonstrated good cause to conduct discovery, the Federal Rules of Civil Procedure apply, and the parties are entitled to serve discovery requests and lodge objections thereto pursuant to the ordinary rules of

---

[9] Rule 6(b) requires parties to submit copies of proposed discovery requests with an application for leave to conduct discovery, but nothing in Rule 6 requires courts to determine whether there is good cause for each particular discovery request before the requests have been served on, let alone objected to by, the opposing party. Rather, Rule 6(b) requires parties to provide reasons for the "discovery request." The use of the singular noun "discovery request" indicates that a party must provide reasons for the *request for leave to conduct discovery*, not the individual *requests* for discovery.

[10] Adopting such a construction of Rule 6 would entail significant waste of judicial resources and eliminate the opportunity for parties to settle discovery disputes informally.

civil discovery.  *Bracy,* 520 U.S. at 904.  Respondent's objections to Petitioner's individual discovery requests should be resolved pursuant to the ordinary conduct of discovery under the Federal Rules of Civil Procedure, which require the parties to attempt to confer in good faith regarding all discovery disputes.  *See* Fed. R. Civ. P. 37(a)(1), E.D. Cal R. 37-251.  To the extent the parties are unable to resolve their disagreements informally, they may submit noticed motions on such matters.  Fed. R. Civ. P. 37(a)(3)(B).

### IV. Respondent's Additional Requests

Respondent asks the court to 1) issue a stay of the discovery order pending resolution of the motion for reconsideration; and 2) issue an order shortening time to hear the motion for reconsideration.  Respondent shall receive additional time to prepare objections to Petitioner's discovery requests.  As the Court finds that a hearing on Respondent's motion for reconsideration is unnecessary, E.D. Ca. R. 78-230(h), Respondent's request for an order shortening time is denied as moot.

### Order

Accordingly, it is HEREBY ORDERED that:

1) Respondent's motion for reconsideration of the Magistrate's discovery order is DENIED;

2) Respondent is GRANTED a seven-day extension of time in which to file its objections to Petitioner's discovery requests; and

3) Respondent's motion for order shortening time to hear Respondent's motion for reconsideration is DENIED as being moot. E.D. Ca. R. 78-230(h)

IT IS SO ORDERED.

**Dated:   August 6, 2009**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE