# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-cv-01198-LJO-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | REQUEST FOR PROTECTIVE ORDER |
| v. | ) | [DOC. 63] |
| | ) | |
| JAMES A. YATES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On October 12, 2009, Respondent submitted a proposed protective order based on the parties' joint stipulation. (Doc. 63).  In accordance with the parties' agreement, the Court hereby GRANTS the protective order, the terms of which are set forth in Respondent's proposed order:

1. This Order covers the following documents:

(a) Executive Case Summary, dated August 29, 2003;

(b) Executive Case Summary, dated November 9, 2004; and

(c) Executive Case Summary, dated March 10, 2009.[1]

2. The confidential materials, when they are produced to Petitioner's counsel, will be stamped "confidential." When a document consists of more than one page, the first page and each page on which confidential information appears will be stamped "confidential."

3. Petitioner's counsel may permit the confidential materials to be reviewed only by Petitioner, his co-counsel, his paralegals, and any experts he consults for the purpose of evaluating the content of the materials. No restrictions on permitting review apply to

Respondent or his counsel, employees, representatives, consultants, or experts.

4. Neither the confidential materials nor the substance of any portion of them may be divulged by any person subject to this Protective Order except as necessary for the evidentiary hearing in this proceeding, the preparation for that hearing, or a related appellate proceeding, and such information shall be used only for purposes of that hearing, the preparation for it, or a related appellate proceeding.

5. No person shall be granted access to the confidential materials, any transcription of the confidential materials, or the substance of any portion of the confidential materials unless that person has first signed the non-disclosure agreement (see infra), agreeing, inter alia, that he or she has received a copy of this Protective Order, that he or she submits to the Court's jurisdiction with respect to it, and that he or she will be subject to the Court's contempt powers for any violation of it.

6. No additional copies of the confidential materials or any portion of the confidential materials may be made beyond those necessary for reviewing by the individuals identified in ¶ 3, *supra*, without prior notice to Respondent's counsel and either the consent of Respondent's counsel or an Order of this Court allowing additional copies to be made.

7. The confidential materials shall not be given or shown to any person except as provided by this Order or as provided by subsequent Order of this Court.

8. Any documents filed with the Court that reveal the confidential materials, their contents, or any portion thereof, shall be filed under seal.

9. No later than thirty (30) days after the conclusion of the district court proceedings in this case, or after any appeal, should there be one; or after other termination of this litigation, any and all copies of the confidential materials released under this Protective Order shall be returned to Respondent's counsel.

10. By releasing the confidential materials pursuant to the terms of this Protective Order, Respondent does not waive his right to invoke any privilege, right, or grounds for objection in discovery proceedings, or at the evidentiary hearing.

///

1

2   IT IS SO ORDERED.

3   **Dated:    October 16, 2009**                      **/s/ John M. Dixon**
                                                 UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28