UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-cv-01198-LJO-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER CLARIFYING COURT'S RULING |
| | ) | ON INTERROGATORY NO. 14 |
| v. | ) | |
| | ) | |
| MATTHEW CATE, | ) | |
| | ) | |
| Respondent. | ) | |

## Introduction

On February 19, 2010, the Court issued an order granting in part and denying in part Petitioner's motion to compel responses to various discovery requests. (Doc. 67). Although the Court's order directed the Governor to identify the individuals described in Interrogatory No. 14, the Court did not expressly address the Governor's objections to the interrogatory request.

On March 4, 2010, Respondent filed a request for a ruling as to the parties specific objections to Interrogatory No. 14. (Doc. 68).

## Discussion

**Interrogatory No. 14**

> What, if any, expertise does the Governor claim to determine whether an indeterminate sentence life prisoner who committed murder should be released on parole?
> a. If none, does the Governor utilize the expertise of others to assist him to make that determination?
> i. If the Governor does utilize the expertise of others, please identify these others by providing their full names, business addresses, business telephone

numbers, and titles.
b. If the Governor does claim the specified expertise, does he nonetheless utilize the expertise of others?
i. If so, please identify these others by providing their full names, business addresses, business telephone numbers, and titles.

The Governor objects to Interrogatory No. 14 on the basis of the deliberative process privilege, the mental process privilege, and the attorney client privilege. The Governor also contends that Interrogatory No. 14 seeks irrelevant information and is vague and ambiguous with respect to the meaning of the word "expertise." (Joint Statement at 73).

**A. Attorney-Client Privilege**

The Governor has failed to carry his burden of establishing that the attorney-client privilege applies to the information sought in Interrogatory No. 14. Further, the Court notes that Interrogatory No. 14 does not seek to discover the substance of any attorney-client communications. Accordingly, the Governor's attorney-client privilege objections is overruled.

**B. Deliberative Process Privilege**

The Governor has failed to carry his burden of establishing that the deliberative process applies to the information sought in Interrogatory No. 14. Interrogatory No. 14 does not seek to discover the substance of any deliberative communications. *See, e.g., United States v. Farley,* 11 F.3d 1385, 1389 (7th Cir. 1993) ("deliberative process privilege protects *communications* that are part of the decision-making process of a governmental agency") (emphasis added). Further, the deliberative process protects only "deliberative" material. The key inquiry in determining whether particular information is "deliberative" is whether disclosure of the information would expose the decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions. *Carter v. United States DOC*, 307 F.3d 1084, 1090 (9th Cir. 2002). The Court finds that the information sought in Interrogatory No. 14 is not deliberative, as it would not expose the decision making process in a way that would discourage candid discussion. Disclosure of the information sought in Interrogatory No. 14 would not reveal the "give-and-take of the consultative process." *Public Citizen, Inc, v. OMB*, 569 F.3d 434, 443 (D.C. Cir. 2009).

///

Alternatively, assuming *arguendo* that the deliberative process does apply to the information sought in Interrogatory No. 14, the Court finds that Petitioner's interest in accurate fact finding and need for the information sought outweigh the Governor's interest in non-disclosure. *See, e.g., FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Id*. Each of the factors identified in *Warner Communications* weighs in favor of disclosure of the information sought in Interrogatory No. 14. The information sought in Interrogatory No. 14 is relevant, as the Governor's decision-making process is at issue in this action. No other evidence is available to Petitioner regarding the inquiry posed by Interrogatory No. 14. The Governor is responsible for the alleged violation of Petitioner's constitutional right. Disclosure of the information would not appear to hinder frank discussion during the Governor's parole determinations. Accordingly, the Governor's objection on the basis of the deliberative process privilege is overruled.

**C. Mental Process Privilege**

The Governor has failed to meet his burden of establishing the applicability of the mental process privilege to the information sought Interrogatory No. 14, and the Court notes that the applicability of the mental process privilege to the information sought in Interrogatory No. 14 is doubtful. *See E.g. North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1122 (N.D. Cal. 2003) (privilege applies to "uncommunicated motivations"); *see also Irons v. Sisto*, 2007 U.S. Dist. LEXIS 95310*13 (E.D. Cal. 2007) (holding that "petitioner is free to ask questions regarding any parole policies the Commissioners were aware of, but may not ask questions regarding how those policies *affected* their decisions") (emphasis added). Assuming *arguendo* that the mental process privilege applies to Interrogatory No. 14, for the same reasons discussed above, the Court finds that the balance of interests requires the Court to overrule the Governor's mental process privilege objection. *See Id.* ("where the mental processes privilege is available, the analysis is the same as that for the deliberative processes privilege").

**D. Relevance**

The Governor's relevancy objection lacks merit. How the Governor exercises his discretion under article V, section 8(b) is at issue in this action, and "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *La Chemise Lacoste v. Alligator Company, Inc.*, 60 F.R.D. 164, 170-71 (D. Del. 1973).

**E. Vague and Ambiguous**

The Governor has failed to carry his burden of demonstrating that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases" contained in Interrogatory No. 14. *E.g. Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (E.D. Kansas 2007). The Court finds that the Governor can respond to Interrogatory No. 14 by simply attributing the ordinary definition of the word "expertise" to that word as it is used in Interrogatory No. 14.

## ORDER

The Governor's objections to Interrogatory No. 14 are OVERRULED. The Governor is directed to respond to Interrogatory No. 14.

IT IS SO ORDERED.

**Dated:    March 5, 2010**          /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE