1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-cv-01198-LJO-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING AND DENYING IN PART PETITIONER'S MOTION TO |
| v. | ) | COMPEL DISCOVERY OF DOCUMENTS |
| | ) | |
| MATTHEW CATE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Brian Thomas ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2009, the Court scheduled an evidentiary hearing in this matter in order to permit Petitioner to present evidence that article V, section 8(b) of the California Constitution created a significant risk of prolonging Petitioner's incarceration and therefore violated Petitioner's rights under the Ex Post Facto Clause of the United States Constitution. (Doc. 27). On July 10, 2009, Petitioner filed a request for leave to propound discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases. (Doc. 36).

The Court granted Petitioner's request for leave to propound discovery on July 21, 2009. (Doc. 38). Subsequently, Petitioner filed a motion to compel discovery on August 31, 2009. (Doc. 48). On October 19, 2009, the parties filed a Joint Statement regarding the parties' outstanding discovery disputes. (Doc. 19).

1      On February 19, 2010, the Court granted in part and denied in part Petitioner's motion to

2  compel.  The Court's February 19, 2010 order also discussed the document the Governor identified

3  as responsive to Petitioner's document requests.[1]  However, the Court reserved its judgement with

4  respect to Petitioner's document request as the Court found an *in camera* review of the documents

5  identified as responsive was necessary to determine whether the documents were protected by

6  privilege.

7      Having carefully examined the documents and applying the standard set forth in *United*

8  *States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) and *In re County of Erie*, 473 F.3d 413, 422 (2d

9  Cir. 2007), the Court finds that Document No. 4 is not protected by attorney client privilege.  As

10  noted in *Martin*, the Governor, as the party asserting the privilege, bears the burden of proving the

11  following elements:

12     (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her
       capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5)
13     by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the
       client or by the legal adviser (8) unless the protection be waived.
14

15  *United States v. Martin*, 278 F.3d at 999; *see also Matter of Fischel*, 557 F.2d 209, 211 (9th Cir.

16  1977).  Document No. 4 contains a list parole cases that were recently found suitable by the Board of

17  Prison Terms.  The document contains a summary of each case, including age of the inmate, a brief

18  set of facts regarding the commitment offense, how long the inmate has been incarcerated, and

19  whether the grant of parole was their first grant after how many reviews, and whether previous grants

20  had been reversed.  The Court finds the information contained in the document does not include

21  confidential information imparted by the Governor nor does the document reveal any legal advice

22

23  [1]The Court's review was confined to the following documents: Document No. 1, an internal "legal memorandum containing
    a summary and recommendation regarding [Petitioner]'s case factor" authored by the Governor's Deputy Legal Affairs
24  Secretary to the Governor's Legal Affairs Secretary; Document No. 2, an internal "legal memorandum concerning parole
    cases for the Governor's review, including [Petitioner]" authored by the Governor's Legal Affairs Secretary to the Governor;
25  Document No. 3, an internal "legal memorandum containing a summary and recommendation regarding [Petitioner]'s case
    factor" authored by the Governor's Deputy Legal Affairs Secretary to the Governor's Chief Deputy Legal Affairs Secretary;
26  Document No. 4, an internal "briefing memorandum concerning parole cases for the Governor's review, including Thomas
    " authored by the Governor's Deputy Legal Affairs Secretary to the Governor's Legal Affairs Secretary; Document No. 8,
27  consisting of a"memorandum advising the Governor's Office about how to implement the Governor's parole review authority,
    and addressing two inmate's parole case factors;" Document No. 9, a "memorandum discussing legal options regarding parole
28  denials by the Board of Parole Hearings in parole suitability cases;" and Document No. 10, a "memorandum on draft talking
    points regarding the Governor's parole review authority."  (Joint Statement at 70, 83; Supplemental Privilege Log at 1-3).

1 rendered by the Governor's attorneys.

2       The Governor had additionally asserted the mental process and deliberative process privilege

3 with respect to Document No. 4.  In its previous order, the Court had noted that two elements were

4 required to apply the deliberative process privilege–namely the document or testimony is required to

5 be predecisional and deliberative in nature, containing opinions, recommendations, or advice.  *See*

6 *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *NLRB v. Sears,*

7 *Roebuck & Co.*, 421 U.S. 132, 150(1975)).  Here, the Court finds that the information contained in

8 Document No. 4 is purely factual material which does not reflect deliberative processes and is thus

9 not protected by the privilege.  *See FTC*, 742 F.2d at 1161.  For the same reasons, the Court finds

10 that the mental process privilege is inapplicable as the document does not "involve uncommunicated

11 motivations for a policy or decision."  *See North Pacifica v. City of Pacifica*, 274 F.Supp.2d 1118,

12 1122 (N.D. Cal. 2003).

13       Document No. 2 also contains summaries of parole cases. Unlike Document No. 4, though,

14 there are statements contained in Document No. 2 that may be classified as legal advice, namely

15 those contained in the summaries of Turhan Rogers, Ronnie Bush, and Jason Harper.  Specifically,

16 the author of the document advises the Governor that as these cases were not murder cases, the

17 Governor's options are to decline review or refer the case to the Board of Prison Terms for an en

18 banc review.  This advice, however, is based on and imparts only public information–namely, the

19 fact that cases were not homicides and that Governor's reversal power applies only to murder cases.

20 Consequently, these statements would not disclose privileged or confidential information.  As the

21 attorney client privilege is strictly construed, the Court finds that this document is not protected by

22 attorney client privilege.  *See Weil v. Inv. Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th

23 Cir. 1981) (stating, "[b]ecause it impedes full and free discovery of the truth, the attorney-client

24 privilege is strictly construed").  Additionally, the Court finds the reasoning for not applying the

25 deliberative process and mental process privilege to Document No. 4 equally as persuasive for

26 Document No. 2.

27 \\\

28 \\\

1    Accordingly, the Court finds that Document Nos. 1, 3, 8, 9, and 10 are protected by attorney

2  client privilege and are therefore beyond the scope of discovery.  Document Nos. 2 and 4 are not

3  protected by the attorney client privilege, mental process privilege, or the deliberative process

4  privilege and are therefore subject to discovery;

5    Based on the foregoing, it is HEREBY ORDERED that:

6    1.    Petitioner's motion to compel production of Documents Nos. 1,3, 8, 9, and 10 is

7        DENIED; and

8    2.    Petitioner's motion to compel production of Document Nos. 2 and 4 is GRANTED.

9

10  IT IS SO ORDERED.

11  **Dated:    June 8, 2010**              /s/ **John M. Dixon**
                                     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28