# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN THOMAS,<br><br>              Petitioner,<br><br>       v.<br><br>MATTHEW CATE,<br><br>              Respondent. | 1:05-CV-01198-LJO-JMD-HC<br><br>ORDER DIRECTING PETITIONER AND RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING |

Petitioner Brian Thomas ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2009, the Court scheduled an evidentiary hearing in this matter in order to permit Petitioner to present evidence that article V, section 8(b) of the California Constitution created a significant risk of prolonging Petitioner's incarceration and therefore violated Petitioner's rights under the Ex Post Facto Clause of the United States Constitution. (Doc. 27). On July 10, 2009, Petitioner filed a request for leave to propound discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases. (Doc. 36).

The Court granted Petitioner's request for leave to propound discovery on July 21, 2009. (Doc. 38). Subsequently, Petitioner filed a motion to compel discovery on August 31, 2009. (Doc. 48). On October 19, 2009, the parties filed a Joint Statement regarding the parties' outstanding discovery disputes. (Doc. 19).

1   On February 19, 2010, the Court granted in part and denied in part Petitioner's motion to
2 compel. On April 5, 2010, the Court granted and denied in part Petitioner's motion to compel
3 regarding outstanding discovery disputes.

4   On July 30, 2010, Petitioner filed a motion seeking additional discovery. Respondent filed an
5 opposition to Petitioner's motion on August 20, 2010, to which Petitioner filed a reply on August 26,
6 2010.

7   Once discovery has been granted in a habeas case, as here, the district court retains the
8 discretion to limit the scope and extent of the discovery. *See* Rule 6(a) of the Rules Governing
9 Section 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) ("Rule 6(a) makes it clear that the
10 scope and extent of such discovery is a matter confided to the discretion of the District Court");
11 *Williams v. Hall*, 648 F.Supp.2d 1222, 1227 (C.D. Cal. 2009) (Stating that "a district court has
12 discretion to limit the scope of discovery in habeas cases"). In light of the extensive discovery
13 Petitioner has already been afforded, Petitioner shall file a brief discussing the current evidence
14 Petitioner has in his possession and whether such evidence is sufficient to meet the relevant
15 evidentiary burden under *Garner v. Jones*, 529 U.S. 244, 249-50 (2000).

16   Accordingly, the Court hereby orders Petitioner to submit his brief within twenty days of this
17 order; Respondent is to file a reply brief within twenty days after the filing of Petitioner's brief.

19 IT IS SO ORDERED.

20 **Dated:   October 15, 2010**          **/s/ John M. Dixon**
                                           UNITED STATES MAGISTRATE JUDGE

E. D. California

2