UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-CV-01198 LJO DLB HC |
| | ) | |
| Petitioner, | ) | ORDER SCHEDULING EVIDENTIARY HEARING |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES A. YATES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Brian Thomas ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2009, the Court scheduled an evidentiary hearing in order to permit Petitioner to present evidence that article V, section 8(b) of the California Constitution creates a significant risk of prolonging Petitioner's incarceration and therefore violates Petitioner's rights under the Ex Post Facto Clause of the United States Constitution. See Doc. No. 27.

On July 21, 2009, the Court granted Petitioner's request for leave to propound discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases. See Doc. No. 38. Petitioner filed a motion seeking additional discovery on July 30, 2010; Petitioner subsequently withdrew this request. See Docs. Nos. 76, 80. Discovery is now complete. On March 10, 2011, the parties filed a joint pre-hearing statement and the matter is now ready for hearing. See Doc. 85.

Accordingly, the Court HEREBY ORDERS:

1) An evidentiary hearing is set for **May 10, 2011, at 9:00 a.m.**, before the undersigned;

2) The Parties shall prepare for the evidentiary hearing in accordance with the terms set forth in this order:

    a. On or before April 22, 2011, each party shall provide to the Court and opposing party a list of witnesses, including addresses and telephone numbers. Each party may call any witnesses designated on the list.

    b. The parties shall exchange a copy of their exhibits on or before April 22, 2011. Petitioner will use numbers to mark exhibits; Respondent will use letters.

    c. Motions in limine shall be filed on or before May 2, 2011;

    d. Additional exhibits or witnesses will not be permitted unless:

        i. The party offering the witness or exhibit demonstrates that the witness or exhibit is for the purpose of rebutting evidence not reasonably anticipated prior to the evidentiary hearing;

        ii. The witness or exhibit was discovered after the exchange of witnesses and the proffering party shows that:

            A. The witnesses or exhibit could not reasonably have been discovered prior to the exchange of lists;

            B. The Court and opposing party were promptly notified upon discovery of the witness or exhibit;

            C. If time permitted, the party proffered the witness for deposition or where time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposition party.

            D. The proffering party forwarded a copy of the exhibits to the opposing party. If such action is physically

impossible, the proffering party made the exhibit reasonably available for inspection by the opposing party.

e. The parties are directed to each bring an exhibit book, containing copies of their exhibits to the evidentiary hearing. The parties shall provide the exhibit book to the Court for bench use during the hearing.

f. If the presence of any incarcerated witness is desired, the parties shall inform the Court no less than thirty-five days prior to the date of the evidentiary hearing that any such writs are required. The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

IT IS SO ORDERED.

Dated:   **April 6, 2011**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE