UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN THOMAS, | ) | 1:05-CV-01198 LJO DLB HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION FOR ORDER SHORTENING TIME |
| v. | ) | (Doc. 88) |
| | ) | |
| JAMES A. YATES, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION TO VACATE EVIDENTIARY |
| Respondent. | ) | HEARING (Doc. 89) |
| ) | | |

Petitioner Brian Thomas ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 7, 2011, the Court scheduled an evidentiary hearing to be held on May 10, 2011 in order to permit Petitioner to present evidence that article V, section 8(b) of the California Constitution creates a significant risk of prolonging Petitioner's incarceration and therefore violates Petitioner's rights under the Ex Post Facto Clause of the United States Constitution. See Doc. No. 87.

On April 13, 2011, Respondent filed a Motion to Vacate the Evidentiary Hearing with its concurrent Motion for an Order Shortening Time to hear the Motion to Vacate the Evidentiary Hearing. See Doc. Nos. 88 & 89. On April 14, 2011, Petitioner filed an opposition to Respondent's motions. See Doc No. 90. On April 18, 2011, Respondent filed a reply. See Doc. 91. The court has reviewed the papers and has determined that these matters are suitable for decision without oral argument. See Local Rule 230(g).

**DISCUSSION**

Respondent contends that the United States Supreme Court's recent decision in <u>Cullen v. Pinholster</u>, ___ U.S. ___, 131 S.Ct. 1388, ___ L.Ed.2d ___, 2011 WL 1225705, (Apr. 4, 2011) ("<u>Cullen</u>"), precludes this Court from conducting an evidentiary hearing because any evidence adduced at hearing has "no bearing on the Court's 28 U.S.C. § 2254 (d) review." <u>See</u> Doc. 89 at 3. According to Respondent, the Court is "limited to deciding the habeas claims solely on the record that was presented to the state court." <u>Id.</u> at 3. The Undersigned does not agree. Though its premise is correct, Respondent's conclusion lacks merit.

As noted by Respondent, the <u>Cullen</u> Court held: "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before that state court." <u>Cullen</u> at 10. However, once a petitioner overcomes the limitations imposed by § 2254(d)(1), nothing in <u>Cullen</u> suggests that the Court is then limited to "deciding the habeas claims on the record" as Respondent's suggests. <u>See</u> <u>Frantz v. Hazey</u>, 533 F.3d 724, 739 (9th Cir. 2008) (stating: "[t]o identify a § 2254(d)(1) "contrary to" error, we analyze the [state] court's actual reasoning, . . . . Identification of such an error is not the end of a federal habeas court's analysis, however, . . . we must also evaluate de novo the petitioner's constitutional claims, without limiting ourselves to the reasoning of the state court"); <u>Panetti v. Quarterman</u>, 551 U.S. 930, 953 (2007).

Petitioner's Opposition correctly states that: "both the magistrate judge previously assigned to this case and the assigned district judge have already found that Petitioner has overcome 'the limitation of 28 U.S.C. § 2254(d)(1),' and both did so 'on the record that was before the state court.'"[1] <u>See</u> Doc. 90 at 2; <u>see also</u> Doc. 27, (March 19, 2009 Order Setting Evidentiary Hearing) and Doc. 33 (June 17, 2009 Order Denying Respondent's Request for Dismissal and Motion for Reconsideration

---

[1] The Court's June 17, 2009 Order (Doc. 33), specifically rejected Respondent's argument that the state court's decision denying Petitioner's state habeas petition was not contrary to or an unreasonable application of clearly established federal law. <u>See</u> Doc. 33 at 10-14.

and Directing Reschedule of Evidentiary Hearing.)

Accordingly, the Court's scheduled evidentiary hearing will proceed as scheduled so that Petitioner may present evidence in support of his constitutional claim.

Therefore, IT IS HEREBY ORDERED that:

1) Respondent's Motion for Order Shortening Time to Hear the Motion to Vacate is DENIED.

2) Respondent's Motion to Vacate the Evidentiary Hearing is DENIED.

IT IS SO ORDERED.

Dated:  April 20, 2011                    /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE